**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC WEAVER, an individual, | No. 21-35324 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00783-HZ |
| v. | |
| RON GREGORY, individually and as Acting Chief of Police for Warm Springs Police Department; CARMEN SMITH, individually and as Public Safety Manager for Confederated Tribes of Warm Springs; ALYSSA MACY, individually and as Chief Operation Officer for Confederated Tribes of Warm Springs, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted May 12, 2022[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BERZON and CHRISTEN, Circuit Judges, and BLOCK,[***] District Judge.

Eric Weaver appeals the district court's order granting defendants' motion to dismiss his complaint.[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.[2]

1.  The district court dismissed Weaver's claims against Ron Gregory and Carmen Smith in their official capacities pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. *See Miller v. Wright*, 705 F.3d 919, 927–28 (9th Cir. 2013) (holding "[a] suit against . . . [a tribe's] officials 'in their official capacities is a suit against the tribe [that] is barred by tribal sovereign immunity'" (quoting *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002)). Weaver does not appeal this ruling.

2.  Weaver argues the district court erred by granting the motion to dismiss the claims he filed against Smith and Gregory in their individual capacities pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to

---

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

[1] Weaver does not dispute that he failed to properly serve Alyssa Macy in the district court and thus she is not part of this appeal.

[2] Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Weaver alleged claims against Gregory and Smith pursuant to 42 U.S.C. § 1983. To sufficiently state a § 1983 claim, Weaver must plausibly allege: (1) the violation of a right secured by the Constitution and laws of the United States; and (2) that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Only the second element is at issue in this appeal.

A person acts under color of state law for purposes of § 1983 by exercising "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Weaver argues that the district court erred by concluding that he failed to adequately allege the defendants acted "under color of state law." We disagree. Weaver did not allege that Gregory or Smith are state officials, nor that they acted together or obtained significant aid from state officials, nor that their conduct is otherwise chargeable to the State. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conclusory assertions will not suffice. *Iqbal*, 556 U.S. at 678.

3.     Weaver argues that the district court abused its discretion by denying him leave to amend.  He asserts that amendment could have cured the deficiencies in his complaint.  This argument fails because the district court denied only Weaver's "informal request to amend," and expressly allowed Weaver fourteen days to file a motion to amend pursuant to Federal Rule of Civil Procedure 15(a), along with a proposed amended complaint.  Weaver failed to do so.

**AFFIRMED.**[3]

---

[3]     Weaver's motion to supplement the record, Dkt. No. 22, is DENIED.